UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   D'lya Anne Parsons,                                            Case No. 7-09-15382 JR

   Debtor.

MEMORANDUM OPINION

This matter is before the Court on the United States Trustee's Motion to Examine Debtors' Transactions with Attorney and Determination of the Reasonableness of Fees Pursuant to 11 U.S.C. §329 ("Motion") filed March 4, 2010 (Docket No.21). Debtor's counsel filed his Response to Trustee's Motion ("Response") on March 12, 2010 (Docket No. 22). The Court held a final hearing on August 18, 2010 and took the matter under advisement.

The United States Trustee (Alice Page) filed the Motion pursuant to 11 U.S.C. §329(b), requesting the Court (1) to examine debtor's transactions with her counsel, Glen Houston ("Counsel"), and (2) to make a determination as to the reasonableness of the fees Counsel charged the Debtor to represent her in a chapter 7 case. At the conclusion of hearing, the United States Trustee recommended that the Court order Counsel to disgorge at least $1,000.00 of the fees he received in connection with this case.

In light of the relative simplicity of the factual and legal issues in the case, the fact that Counsel did not incur travel time in connection with the §341(a) meeting in this case, the range of fees charged by other counsel for comparable work, and the lack of any time records quantifying the time spent rendering legal services to the Debtor, the Court finds that the reasonable value of the services rendered is $1,600, plus costs and tax.

   I.   PROCEDURAL HISTORY AND FACTS

The Debtor, D'lya Anne Parsons, filed her voluntary petition under Chapter 7 of the Bankruptcy Code on November 24, 2009 (the "Petition Date"). (*See* Docket No. 1). The Debtor

retained Counsel to represent her in this chapter 7 case. On the Petition Date, Counsel filed his disclosure of compensation pursuant to Rule 2016, Fed.R.Bankr.Proc. (Docket No. 7). On April 8, 2010, Counsel filed a supplement to his Rule 2016 disclosure. (Docket No. 27.)[1]

Counsel had represented the Debtor's father, David Parsons, in another legal matter, and at his request subsequently represented Ms. Parsons in a divorce proceeding and later in this chapter 7 case. Counsel charged the Debtor a flat fee in this case in the amount of $2,400.00 plus gross receipts tax, the $299.00 filing fee and other costs. The Debtor's father paid Counsel's fee in this case before the case was commenced, had ample funds to pay the fee, and did not question the amount charged.

Counsel resides and has a law practice in Hobbs, New Mexico, situated in Lea County in southeastern New Mexico. Hobbs has a population of approximately 30,000. Counsel presently is the only attorney in Hobbs that represents individual chapter 7 debtors. Counsel testified that he has a significant law practice in areas other than bankruptcy law, that he does not have a high volume bankruptcy practice, and that he has a relatively large staff and substantial overhead. Counsel testified further that he gives his bankruptcy clients more time and attention than some attorneys in higher volume practices. Counsel has been practicing law for fifty-five years. His customary hourly billable rate is $240.00. For representing debtors in individual chapter 7 debtor cases he charges a flat fee of $2,400.00 plus applicable gross receipts tax and the filing fee and other costs. Counsel does not keep time records in connection with such representation.

---

[1] Bankruptcy Code § 329(a), 11 U.S.C. § 329(a), and Rule 2016(b), Fed.R.Bankr.Proc., require that every attorney for a debtor file a statement disclosing (i) any compensation paid or agreed to be paid within the year prior to the filing of the petition for services rendered or to be rendered in connection with a bankruptcy case, including the source of the compensation; and (ii) whether the attorney has shared or agreed to share the compensation with any entity other than with a member or regular associate of the attorney's law firm. Counsel supplemented his Rule 2016 disclosure, as directed by the Court at the preliminary hearing, to disclose the $60.00 fee he agreed to pay an attorney not employed by his law firm to appear on behalf of the Debtor at the meeting of creditors conducted pursuant to 11 U.S.C. § 341(a). The flat fee paid to Counsel for the bankruptcy case included the cost of the appearance fee.

The fee he charged in connection with this case was consistent with the flat fee he regularly charges for representing individual debtors in chapter 7 cases. Nevertheless, Counsel testified that Ms. Parson's divorce was contentious and emotionally traumatic for her, and that as a result he spent additional time counseling her in connection with the bankruptcy case than would be typical.

On the Petition Date, the Debtor filed her Schedules and Statement of Financial Affairs (Docket No. 1), and filed amended Schedules on January 19, 2010. (Docket Nos. 14, 15 and 16). The Schedules, as amended, reflect assets valued in the aggregate amount of $78,790.18 and debts in the total amount of $193,669.72 owed to ten creditors. Schedules I and J report monthly income net of payroll deductions of $1,025.74 and monthly expenses of $1,225.22. Schedule I reflects that the Debtor is single and has no dependants. The Debtor's income is well below the median income in New Mexico for a single person with no dependants.[2]

The Docket in the bankruptcy case reflects that there were no motions to avoid liens filed, no objections to exemptions filed, no complaints objecting to discharge or to dischargeability filed, no reaffirmation agreements filed, and no discovery taken other than discovery in connection with the instant §329(c) Motion before the Court. A Motion for Relief from Stay was filed on June 4, 2010 against real property located at 1517 S. Ave E, Portales, New Mexico. (Docket No. 29). Since the Debtor did not file an objection to the stay motion, an order granting the motion was entered by default on July 13, 2010. (Docket No. 33). On January 22, 2010, the Chapter 7 Trustee, Clarke Coll, filed his Report of No Distribution. (*See* the Docket entry following Docket No. 17)). The Debtor was granted a discharge on March 22, 2010. (Docket No. 23).

---

[2] The median income for a single person with no dependents for cases filed between November 1, 2009 and March 14, 2010, inclusive, in New Mexico was $36,773.00. *Census Bureau Median Family Income by Family Size.*

Meetings of creditors conducted pursuant to 11 U.S.C. § 341(a) for debtors residing in Hobbs, New Mexico typically are conducted in Roswell, New Mexico on two different days each month.  Counsel testified that travel between Hobbs and Roswell takes him at least two hours each way.  Because of the travel time and his relatively low volume of chapter 7 cases, Counsel typically appears in person on behalf of clients at meetings of creditors one day each month, and engages Roswell counsel to appear for his clients the other day each month.  In the instant case, Counsel engaged a Roswell attorney, R. Matthew Bristol, to appear in the case on behalf of the Debtor at a cost to Counsel of $ 60.00.

James W. Klipstine, Jr. and Max Houston Proctor testified as to their opinion whether the fee charged by Counsel in the instant case was reasonable.[3]  They further testified about their experiences practicing in the area of bankruptcy law, and that they no longer practice that area because of various factors, particularly because it is not cost effective to continue their bankruptcy practices due to the significant travel time required to attend §341(a) creditor meetings and the expenses involved in e-filing.

---

[3] Counsel proffered in evidence transcripts of depositions of Messrs. Klipstine and Proctor.  The United States Trustee did not object to the admissibility of the fact testimony by the deponents, but did object to the admissibly of expert testimony on the ground that the reasonableness of attorney compensation is not a proper subject for expert opinion.  The Court reserved ruling on the objection.  "[E]xpert testimony not only is unnecessary but indeed may properly be excluded in the discretion of the trial judge [if the trier of fact is] capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, experience, or observation in respect of the subject under investigation...."  *Salem v. United States Lines Co.,* 370 U.S. 31, 35, 82 S.Ct. 1119, 1122, 8 L.Ed.2d 313 (1962).  The Court has discretion to exclude expert testimony on the reasonableness of attorneys' fees if the witness is qualified as an expert but the proffered testimony would not assist the trier of fact.  *In re Terex Corp.*, 70 B.R. 996, 1001 (Bankr. N.D. Ohio 1987)(expert testimony as to the reasonableness of fees excluded); *In re Monahan Ford Corp. of Flushing*, 390 B.R. 493, 504 (Bankr. E.D.N.Y. 2008 (expert testimony relating to a fee application excluded because the court was itself an expert and the expert testimony would not assist the trier of fact).  *See also In re River Landings, Inc*., 180 B.R. 701, 704 (Bankr. S.D. Ga. 1995)(expert testimony on the reasonableness of attorneys fees admitted).  The Court will admit the proffered expert testimony and will give the testimony the weight the Court deems appropriate.  The Court is not bound by the expert opinions. *York International Building Inc. v Chaney*, 527 F.2d 1061, 1068 (9th Cir. 1975); *In re Frazin*, 413 B.R. 378, 418 (Bankr. N.D. Tex. 2009); *In re River Valley Fitness One, L.P.,* 2003 WL 252111, *5 (Bankr. D.N.H. 2003).

The following chart summarizes the evidence regarding the flat fees charged by attorneys located in or near southeastern New Mexico who represent individual debtors in consumer chapter 7 cases:

| Attorney/ (Location of NM Office) | Attorney's Fees [4] (above-median income debtor cases) | Attorney's Fees [5] (below-median income debtor cases) | Volume of Chapter 7 Cases Filed Per Month [6] |
|---|---|---|---|
| Trey Arvizu (Las Cruces and Roswell) | $1,550.00 | $1,050.00 | 12 |
| Mike Gomez (Roswell) | n/a | $1,215.00 [7] | 14 |
| Glen Houston (Hobbs) | $ 2,400.00 | $ 2,400.00 | 3 |
| R. Matthew Bristol (Roswell) | $ 2,201.00 [8] | $ 1,001.00 [9] | 5 |
| Charles Hawthorne (Ruidoso) | $ 1,600.00 [10] | $ 1,600.00 [11] | 2.5 |
| Wesley Pool (Clovis) | $ 1,117.86 | $ 1,117.86 | 7 |

Section 341(a) creditors meetings are held in several cities in New Mexico, including Albuquerque, Clovis, Farmington, Roswell and Santa Fe. The meetings typically are held at the location closest to where the debtor resides. Section 341(a) meetings typically are held in Roswell for debtors residing in Hobbs, Roswell and Ruidoso.

Mike Gomez has been practicing law since 1985 or 1986. Debtor representation in individual consumer chapter 7 cases is a substantial area of his law firm's practice. Mr. Gomez limits his bankruptcy practice primarily to representation of individual chapter 7 debtors in

---

[4] Unless otherwise indicated, the amounts of attorneys fees stated are exclusive of gross receipts tax and the filing fee and other costs.

[5] *Id.*

[6] The Court has taken judicial notice of the number of New Mexico chapter 7 case filings by each attorney in New Mexico for the period 01-01-10 to 08-31-10. That information is readily discernable from data maintained and published of record by the Clerk of the Bankruptcy Court as part of its case management/electronic case filing system. The stated figures are rounded to the nearest 0.5.

[7] Mr. Gomez often discounts his standard flat fee if the prospective debtor is a repeat client, family member of a client, or a low income client.

[8] From the evidence presented it is not entirely clear whether the fees are inclusive or exclusive of gross receipts tax, the filing fee, and other costs. For purposes of the Court's decision, the Court has presumed that the fees are exclusive of gross receipts tax, the filing fee, and other costs.

[9] *Id.*

[10] *Id.*

[11] *Id.*

consumer cases where there are no nonexempt assets for the trustee to administer.  Mr. Gomez regularly appears at § 341(a) meetings on behalf of clients of Wesley Pool at a charge to Mr. Pool of $50.00 per appearance.  Due to the volume of Mr. Gomez' chapter 7 practice, he is present anyway during the course of the day when the § 341(a) creditors meetings are held in Roswell.

Mr. Arvizu was admitted to practice law in 1992.  For the past 10 to 12 years, Mr. Arvizu's practice has been limited primarily to the area of bankruptcy law.  He represents debtors in chapter 7 and 13 cases, and occasionally in chapter 11 cases.  Mr. Arvizu's main office is in Las Cruces, New Mexico.  He maintains a satellite office in Roswell, New Mexico.  He generally travels to Roswell twice each month to attend § 341(a) meetings and to meet clients and prospective clients.  Attorneys Bristol, Hawthorne and Pool did not testify at the hearing.

## II. DISCUSSION

The issue before the Court is whether the flat fee in the amount of $2,400.00 plus costs and gross receipts tax that Counsel charged to represent the Debtor in this case exceeds the reasonable value of the services rendered.  The United States Trustee asserts that Counsel's fee was excessive considering the relative simplicity of the case and the typical range of fees charged by other attorneys in the cities of Clovis, Las Cruces, Roswell and Ruidoso, New Mexico for providing comparable services.  Counsel asserts that the fee is reasonable in light of the following factors:  1) he is the only attorney in Hobbs, New Mexico representing chapter 7 debtors; 2) $240.00 per hour is his regular hourly rate; 3) the relatively low volume of such work in his law firm; and 4) the extra time and attention he provides chapter 7 debtors.  At the final hearing, Counsel emphasized the fact that Counsel must spend most of a business day to appear for a debtor at a §341(a) meeting in Roswell, New Mexico given the distance between Hobbs

-6-

and Roswell, so that the Court should compare his fees with other practitioners who maintain practices in Lea County, not in the Roswell area.

The issue before the Court is governed by 11 U.S.C. §329(b). That section provides, with respect to compensation paid or agreed to be paid within one year prior to the filing of a bankruptcy case for services rendered or to be rendered by an attorney representing a debtor in contemplation of or in connection with the case:

> If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—
>   (1) the estate, if the property transferred—
>       (A) would have been property of the estate; or
>       (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
>   (2) the entity that made such payment.

"In making the 'reasonable value' determination, the bankruptcy court is to be guided by section 330 of the Bankruptcy Code, which sets forth a number of factors that Congress deemed relevant to an assessment of the value of professional services." *In re Geraci*, 138 F.3d 314, 319 (7th Cir. 1998). *Accord In re Jastrem*, 253 F.3d 438, 443 (9th Cir. 2000); *Henkel*, 408 B.R. at 701; *In re Kowalski*, 402 B.R. 843, 849-50 (Bankr ND Ill 2009); *In re Davis*, 2006 WL 2404015, *2 (Bankr E.D. Okla 2006). Bankruptcy Code §330(a)(3) provides:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>   (A) the time spent on such services;
>   (B) the rates charged for such services;
>   (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>   (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>   (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.
11 U.S.C. §330(a)(3).

"Additional factors include: (1) the novelty and difficulty of the task; (2) the requisite skill level; (3) whether the case precluded other employment; (4) the contingent nature of the fee; (5) time limitations; (6) the amount of money involved and the results obtained; and (7) the experience, reputation, and ability of the attorney." *In re Davis*, 2006 WL 2404015, *2 (Bankr E.D. Okla 2006).

Once the issue of the reasonable value of services is raised under Section 329(b), the attorney has the burden of establishing that his or her fee is reasonable. *Id.* A bankruptcy court may review any payment made to an attorney for representing a debtor in connection with a bankruptcy proceeding regardless of the source of payment.[12] If the fee exceeds the reasonable value of the services provided, the court may order the return of the excessive portion of the fee to the debtor's estate or to the entity that made the payment.[13]

Debtor's chapter 7 case was relatively simple and straightforward from a factual and legal perspective. There is no evidence of any factual or legal complexities associated with the case. The record of this case reflects that no contested motions or issues were filed or raised other than the §329(b) Motion before the Court. The Debtor's income was below the median income in New Mexico for single persons with no dependents, meaning that the Debtor was not required to complete Parts IV, V, VI or VII of Official Form B22A. There are a total of ten creditors

---

[12] *In re Henkel*, 408 B.R. 699, 701 (Bankr ND Ohio 2009)(citing *Henderson v. Kisseberth* (*In re Kisseberth*), 273 F.3d 714, 719 (6th Cir. 2001))(Section 329 applies even if the debtor is not the source of payment for the attorney's fees.)

[13] *See In re Geraci*,138 F.3d 314, 318-19 (7th Cir. 1998)("Section 329(b) authorizes the court to assess the reasonable value of the services counsel provided to the debtor and to compare that value with the amount the debtor paid or agreed to pay for the attorney's services. If the court determines that the fee charged by the attorney is excessive- i.e., that it exceeds the reasonable value of the services provided-then it may cancel any compensation agreement between the attorney and his client, or it may order the return of the excessive portion of the fee to the debtor's estate or to the entity making the payment.")

-8-

scheduled. Counsel asserts he had to spend extra time in this case given the requirements of his client resulting from her traumatic divorce. However, Counsel did not provide the Court with any time records or other evidence of the actual time he spent handling the bankruptcy case.

Counsel urges that residents of Hobbs should have the choice of retaining a local attorney as their counsel in a chapter 7 case. He argues that the low volume of chapter 7 debtor cases in Hobbs results in certain inefficiencies as compared with higher volume practices, and the distance between Hobbs and Roswell results in debtor's counsel spending significantly more time for the same work than a lawyer who lives in or much closer to Roswell. He further urges that chapter 7 debtor clients should have a right to more individualized personal attention by their attorney if they wish to pay for it.[14]

The Court agrees that Counsel should be permitted to charge a fee that allows for individualized personal attention to the client. Professional services involving individualized and personalized counseling tailored to the needs of each client is at the core of the attorney-client relationship. Further, the Court is mindful of the fact that there can be less organizational and other efficiencies for counsel to represent a chapter 7 debtor in a law practice where most matters handled are not routine, and where the volume of chapter 7 cases does not justify employment of legal assistants trained to perform recurring tasks in those cases in a minimum amount of time.[15] The Court is also mindful of the fact that there are many smaller towns in New Mexico generating a relatively small volume of chapter 7 debtor cases, and where travel time can impose

---

[14] When asked whether Counsel has considered charging by the hour if his flat fees typically are higher than the fees charged by other lawyers, Counsel responded that it is his understanding that he cannot bill hourly for any pre-petition or post-petition work not paid in advance of the case filing because any unpaid amount would be discharged in the bankruptcy case. However, the only debt that may be discharged is debt owed by the debtor for services rendered prior to the commencement of a voluntary case, or prior to the order for relief in an involuntary chapter 7 case. Here, because Counsel was to be paid by the Debtor's father, who was not a debtor in a bankruptcy case, the father's obligation to pay the fees, whether earned pre- or post-petition, would not have been discharged.
[15] *See generally In re Ingersoll*, 238 BR 202, 207-08 (D. Colo. 1999)(discussing the role of debtor's counsel and the reasonableness of fees charged by counsel in a law firm with organizational inefficiencies).

-9-
Case 09-15382-j7    Doc 43    Filed 09/09/10    Entered 09/09/10 16:29:19    Page 9 of 11

a significant cost because of the distance to the location of the § 341(a) creditors meeting. Attorneys for chapter 7 debtors are not expected to perform their services at bargain basement prices or to compromise the level of service they provide to those who can afford and are willing to pay for those services.

However, in the case before the Court, Counsel did not provide the Court with any time records, or any other basis to quantify the amount of time actually spent on this case by attorneys and legal assistants in his law firm. Further, despite Counsel's argument that a higher fee is warranted due to the extra time it takes to travel to and from the meeting of creditors, Counsel in this case did not actually appear at the § 341(a) creditors meeting but instead engaged another attorney to appear on the Debtor's behalf at the meeting at a cost of $60.00.[16] Moreover, no evidence was presented that Counsel does not employ legal assistants trained to perform the recurring tasks in chapter 7 cases in a minimum amount of time. Because of the lack of time records, the relative simplicity of the factual and legal issues in the case, and the fact that Counsel did not attend the § 341(a) creditors meeting, the Court can only evaluate the reasonableness of Counsel's fees based on the range of fees presented to the Court charged by other attorneys for representing individual chapter 7 debtors. To justify a fee that is above the high end of the range would require Counsel to provide time records to support the reasonableness of the charges. Here, the high end of that range is $1,600. Counsel has not provided documentation of the work he performed in connection with this case which could support a fee above that amount.

---

[16] A reasonable approach where a personal appearance by counsel at a § 341(a) creditors meeting would result in a substantial extra cost to the individual chapter 7 consumer debtor due to travel time would be for the attorney to explain to the debtor the advantages and disadvantages of the counsel appearing personally or engaging another lawyer to appear at the meeting for the debtor for an appearance fee, and to explain the extra cost for appearing personally. The client could then be given the choice whether to incur the additional charge for a personal appearance. The flat fee charged for the case could be adjusted accordingly.

Based on the circumstances in this case and the evidence presented at the final hearing, the Court finds that the reasonable value of the services Counsel provided to the Debtor in this case is $1,600.00, exclusive of costs and gross receipts tax. Counsel will be required to return $800.00 to the Debtor's father, who paid his fee.

An order consistent with this opinion will be entered.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Entered on Docket Date: September 9, 2010

Copies to:
D'Lya Anne Parsons
1103 W. Ave I
Lovington, NM 88260

Glen L Houston
1304 W Broadway Pl
Hobbs, NM 88240-5508
Attorney for Debtor

Alice Nystel Page
Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103-0608